IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNIE RAY MCCONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. CIV-22-729-R |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Following an Order [Doc. 30] remanding this matter to the Commissioner for further proceedings, Plaintiff moved for an award of Attorney's Fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412 [Doc. 32].[1] The Government opposes the Motion [Doc. 35], arguing the Administrative Law Judge's (ALJ) determination and its litigation position were substantially justified. This Court finds the Government's actions were substantially justified, even though it found legal error in the ALJ's decision. Thus, Plaintiff's Application for Award of Attorney's Fees is DENIED.

The Commissioner bears the burden of demonstrating that her position was substantially justified, meaning, her "position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person." *Harrold v. Astrue, 372 Fed.Appx.* 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations

---

[1] Plaintiff later supplemented the Application seeking an award for the time spent responding to the Government's Objection [Doc. 37].

omitted). "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Id*. (citation omitted). Reasonableness in the law may depend on the circumstances because "if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Sec. of Health & Human Services*, 815 F.2d 1381, 1383 (10th Cir. 1987).

McConnell sought review in this Court of the ALJ's unfavorable decision on his disability application. Doc. 1. The matter was reviewed by Magistrate Judge Erwin, who issued a Report and Recommendation to affirm the decision of the ALJ. Doc. 24. Judge Erwin found the ALJ had committed legal error by not considering the report of a Consultative Examiner, Dr. Simmons, from a prior adjudicated period because the ALJ stated the report was "too remote to be of evidentiary value and persuasive." Doc. 24 at 6-11 (quoting the ALJ's report, Doc. 8-2 at 21). However, Judge Erwin determined the legal error was harmless because of the similarity between Dr. Simmons' opinion and another CE opinion from the current adjudicated period. *Id.* at 11-15. This Court ultimately disagreed and remanded the case to the Commissioner because it found the ALJ could consider Dr. Simmons' opinion and come to a different determination on McConnell's application. Doc. 30. However, this Court noted the ALJ's initial decision was supported by substantial evidence, and it stated the decision as to whether the legal error was reversible was a "close call." *Id.* at 13.

As a preliminary matter, both the ALJ's decision and Commissioner's litigating position were substantially justified in fact. This Court agreed with the Commissioner that

the ALJ's decision was supported by substantial evidence. Doc. 30 at 19. Additionally, the ALJ declined to evaluate Dr. Simmons' CE report based on an accurate statement of facts—the report was from a prior adjudicated period two years earlier than McConnell's application in front of her. Thus, the factual basis for both the ALJ's decision and the Commissioner's litigation position was reasonable.

The determinative issue is whether the ALJ and Commissioner were substantially justified in the treatment (and defense of the ALJ's treatment) of Dr. Simmons' CE report. This Court based its order remanding the case on finding the ALJ's treatment of the report as harmful legal error, so whether that error was reasonable guides the outcome of this EAJA dispute. *See Hackett*, 475 F.3d at 1173 n.1.

Parties frame the ALJ's initial treatment of Simmons' report differently. Plaintiff claims the ALJ's error was in acting unreasonably by entirely disregarding the Simmons report solely because of its date. Plaintiff intimates that the ALJ looked only at the date of Simmons' report, nothing more. Countering, the Commissioner claims the ALJ considered Simmons' report, but that her error was making a reasonable, though incorrect, determination that she need not further articulate her rationale for discrediting the Simmons report. This Court takes the ALJ at her word that she "fully considered" prior medical findings submitted by Plaintiff. Doc. 8-2 at 19. However, the Court found error in the ALJ "dismiss[ing] Dr. Simmons' report out of hand[,]" given its significantly probative nature. In other words, the Court found the ALJ's error was one of articulation, not consideration.

Though this Court ultimately determined the ALJ committed a harmful legal error in not articulating why the Simmons report was unpersuasive, the ALJ's decision and

3

Commissioner's litigation position still had a reasonable basis in the law. Because of that reasonable basis, the ALJ was substantially justified—even if incorrect—in giving the Simmons report such scant treatment.

In essence, two lines of Tenth Circuit case law guide the proper treatment of CE reports from prior adjudicated periods. Magistrate Judge Erwin dedicated nearly three pages of his order to combing through the conflicting precedent, demonstrating that reconciling the law's guidance on this issue is not a simple task. *See* Doc. 24 at 7-10. One line of cases is best exemplified by *Arterberry v. Berryhill*, 743 F. App'x 227 (10th Cir. 2018), which this Court summed up as standing for the notion that "there is no *per se* rule requiring an ALJ to discuss these previously adjudicated [CE] opinions." Doc. 30: Order at 9 (citing district cases in accord with *Arterberry*).

The conflicting line of cases provides more general statements from which this Court and others have synthesized an application to prior adjudicated CE opinions. The Tenth Circuit stated in *Hamlin v. Barnhart* that medical records predating the current disability application "are nevertheless relevant to the claimant's medical history and should be considered by the ALJ."[2] 365 F.3d 1208, 1215 (10th Cir. 2004). More generally, the Tenth Circuit has stated an ALJ must discuss "significantly probative evidence [the ALJ] rejects."[3] *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). This Court and

---

[2] Importantly, however, the Tenth Circuit was discussing the opinions of prior treating physicians at a time when SSA regulations still afforded special deference to treating physicians. The Tenth Circuit has not expressly extended this logic to consultative examiners or other providers since the change in SSA regulations.
[3] In the sentence before, however, the Court states that an ALJ must consider, but need not discuss, every piece of evidence. *Clifton* at 1010.

4

others have applied these statements to determine the Tenth Circuit does, in fact, require discussion of relevant, significantly probative medical opinions found in reports from prior adjudicated periods. Doc. 30: Order at 10-12; Doc. 24: Report and Recommendation at 8-9 (collecting cases refuting that ALJs may categorically disregard opinions from prior adjudicated periods); *see, e.g., K.M. v. Comm'r of Soc. Sec. Admin.*, No. 19-1160, 2020 WL 68376 (D. Kan. Jan. 7, 2020); *Teresa V.N. v. Saul*, 421 F.Supp.3d 1179 (N.D. Okla. 2019).

In sum, many District Courts in the Tenth Circuit have found that an ALJ must discuss CE reports from prior adjudicated periods if the reports: (1) are related to an ongoing impairment; and (2) contain significantly probative evidence to the instant disability proceeding. Importantly for this case, however, the Tenth Circuit has not provided express guidance in a published case on this issue. *See Cherry v. Barnhart*, 125 F. App'x. 913, 916 (10th Cir. 2005) (upholding denial of EAJA fee application where the SSA's legal position was substantially justified, though incorrect, because Tenth Circuit case law on issue was unclear).

In effect, Tenth Circuit case law requires an ALJ to make an initial judgment call as to whether a consultative examination from a prior adjudicated period is relevant and significantly probative enough to require more robust discussion. The ALJ must provide a preliminary review of the prior evidence to make that determination. Here, the ALJ stated she did so, Doc. 8-2 at 19-21, but she evidently felt the Simmons CE report was not deserving of discussion. Magistrate Judge Erwin and this Court both disagreed with the ALJ's decision, but that does not mean the ALJ acted unreasonably. Magistrate Judge

5

Erwin found the ALJ's omission of the Simmons report was harmless error. Doc. 24 at 14-15. That finding demonstrates reasonable minds may determine the Simmons report was not as essential to the resolution of McConnell's application as this Court believed it was.[4] That, in turn, supports the idea that the Simmons report was—at least arguably—not so probative to McConnell's claim that the ALJ was required to discuss it in depth.

At the litigation stage, the Commissioner defended the ALJ's initial determination to not discuss the Simmons report by relying on the *Arterberry* case stating that there is no rule that an ALJ must consider prior CE opinions in all cases. The Commissioner's litigation position is not unreasonable because that is a correct statement of law. The fault was in the ALJ's determination that this particular opinion did not need further consideration. And while this Court did find the ALJ erred, it will not find that the ALJ's decision could not satisfy a reasonable person.

The ALJ and Commissioner did not have a clear, unmistakable rule of law from the Tenth Circuit as to whether the ALJ was required to assess the Simmons report. At most, the Tenth Circuit has said ALJs *may* look to those types of prior reports. *Lackey v. Barnhart*, 127 F. App'x 455, 458 (10th Cir. 2007) (stating Tenth Circuit precedent is not that prior reports are categorically irrelevant); *Taylor v. Berryhill*, 679 F. App'x 661, 665 (10th Cir. 2017) ("the ALJ *could* have considered evidence from a time preceding the relevant period[.]") (emphasis added). It is District Courts that have extended the Tenth

---

[4] When a Magistrate Judge and the Court disagree on an issue, it evidences a reasonable disagreement. *See Harman v. Colvin*, 2016 WL 2893731, at *2 (W.D. Okla. Mar. 15, 2016), *report and recommendation adopted by* 2016 WL 2766672 (Russell, J.) (citing *Lloyd v. Colvin,* No. 12–cv–03350, 2014 WL 3585305, at *2 (D.Colo. July 21, 2014) (unpublished order)).

Circuit's permissive language into a mandate. This Court rested its Order in this case on its determination that the ALJ *should have* at least shown she had considered the Simmons report with a proper discussion of it—and that the ALJ committed harmful error in not doing so. However, given the unclear governing law in the Tenth Circuit and the Magistrate Judge's finding of harmless error, this Court finds it was not unreasonable for the ALJ to address the Simmons report how she did. Likewise, it was not unreasonable for the Commissioner to defend the ALJ's decision.

In the absence of explicit directives in the law, reasonable minds may disagree. The ALJ and Commissioner can be adjudged to have erred yet have been reasonable in their error. The Commissioner was substantially justified, and Plaintiff's Motion is DENIED.

**IT IS SO ORDERED** this 2nd day of January 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE